UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case No. 1:07-CR-75

v                                              Hon. Gordon J. Quist

ANTONIO LASHUN ALDRIDGE,

        Defendant.
_____/

**ORDER GRANTING MOTION TO WITHDRAW
AND ENDS-OF-JUSTICE CONTINUANCE**

Pending before the court is defense counsel Shirley J. Burgoyne's amended motion to withdraw as attorney for the defendant (docket no. 31). Counsel alleges that the attorney-client relationship has broken down to the point she is unable to communicate with her client. The defendant does not oppose the motion.

Upon examination of counsel and her client at the hearing on this motion, the court is satisfied that defendant has become so dissatisfied with what he perceives to be his attorney's lack of interest in vigorously defending him, that he no longer speaks to her. For her part, this is counsel's second request to withdraw. She questions defendant's competency to stand trial and ability to communicate with counsel. Certainly the attorney-client relationship in this instance has broken down beyond repair. Defendant believes he would be able to communicate with new counsel.

Accordingly, the motion by counsel to withdraw is GRANTED. The court being satisfied from counsel's motion that defendant is unable to financially retain new counsel, a new attorney will be appointed to represent defendant.

The court also finds on the basis of the hearing on the motion to withdraw, that the failure to grant an ends-of-justice continuance in this instance would deny defendant a reasonable time to obtain counsel and would deny newly-appointed counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See,* 18 U.S.C. § 3161(h)(8)(B)(iv). Recognizing the necessity of the appointment of new counsel, a prudent continuance under the Speedy Trial Act to allow counsel to adequately prepare for trial in this matter outweighs the interests of the public and the defendant in a speedier trial. 18 U.S.C. § 3161(h)(8)(A). An ends-of-justice continuance of 60 days is GRANTED, effective the date of this order.

      IT IS SO ORDERED.

Dated: July 31, 2007            /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge